IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS A. KOANUI,

           Plaintiff,           Civil No. 04-6326-TC

  v.                                O R D E R

CENVEO CORPORATION,
a Colorado corporation,


           Defendants.

COFFIN, Magistrate Judge:

    This is a diversity action. Plaintiff brings several claims against his former employer after he was terminated for violating the former employer's sexual harassment policy.

    Cross-motions for summary judgment are presently before the court.

## BACKGROUND

Plaintiff Koanui was the senior manager at defendant's Oregon plant. Plaintiff admits to having had two affairs with subordinates he ultimately supervised. Plaintiff also admits to approaching a third subordinate he ultimately supervised saying she was attractive, he had feelings for her and that they should get together if she left her husband. He also gave her a gift and asked for a hug.

One of the women plaintiff had an affair with, Lisa Meyer, made a complaint against plaintiff. Defendant investigated and ultimately terminated plaintiff. The termination letter stated, "[t]his letter is to inform you that as a result of [our] sexual harassment policy, your employment is being terminated." Koanui Deposition Exh. 10.

Plaintiff alleges that subsequent to his termination he applied for employment with various other employers. He alleges he felt compelled to disclose that he had been terminated by defendant for violating the company's sexual harassment policy and that he received no further contact from those employers.

Plaintiff originally asserted claims for breach of contract, promissory estoppel, negligence and defamation. The defamation/compelled publication claim has been dismissed on defendant's motion to dismiss after a finding that this claim is not valid in Oregon. See Order #10.

Three parts of the negligence claim were also dismissed, but a claim for negligent investigation survived at that early stage of the action. Id.

As previously stated, cross-motions(#31, #45) for summary judgment are presently before the court.

## STANDARDS

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a

sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

## DISCUSSION

Plaintiff is an at-will employee and can, generally speaking, be fired for any reason or no reason at all. Plaintiff's admitted actions with subordinates make his termination a prudent action from defendant's perspective in light of the law of sexual harassment and discrimination under Title VII and plaintiff's own expert says as much. However, plaintiff argues that the

framework and manner in which he was terminated violated his legal rights. Among other things, plaintiff argues that because the termination letter went beyond merely terminating plaintiff and provided a cause for the termination, that a cause of action arises in this case. At bottom, plaintiff contends that his conduct was either not "unwelcome" to subordinates, or not sufficiently pervasive to be deemed sexual harassment. This court disagrees.

As discussed in more detail below, the cause given for the termination was correct. Even if the employer could have mounted a defense to any sexual harassment claims had they been pursued by plaintiff's subordinates, such does not render the explanation false or otherwise actionable. The point is, plaintiff by his actions had exposed defendant to potential liability. Defendant was not obligated to keep him on as manager until his conduct amounted to an air-tight case against the company. Further, plaintiff's at-will employment status allows him to be fired for any reason,( even a bad reason). And the duty of good faith and fair dealing is inapplicable in this case to defendant's right to discharge at-will. In addition, plaintiff's at-will status has not been supplanted by some other contractual relationship, such as an implied-in- fact contract. The facts that are not disputed and the law indicate that there is no implied-in-fact contract or other rights from defendant's employee

handbook or other materials that would entitle plaintiff to anything different or more than he received and there is insufficient evidence for a jury to find otherwise. Similarly, plaintiff is not entitled to any greater protection by virtue of his employment relationship with defendant, or arguments based on Oregon tort law, or arguments based on estoppel or waiver arising from the alleged knowledge of one of plaintiff's affairs by one of plaintiff's supervisors.

Plaintiff recognizes that an at-will employee can be terminated for any or no reason, but argues that if a reason is given, it cannot be a false reason. However, as a preliminary matter, the reason given for the termination was not false. Defendant stated that plaintiff was being fired for violation of defendant's sexual harassment policy.

Part of defendant's sexual harassment policy was that "unwelcome sexual advances or conduct" would not be tolerated. Depo Exh. 3, p.p. 8-9. Plaintiff approached April Thompson, a subordinate he ultimately supervised, and told her she was attractive, he had feelings for her and that they should get together if she left her husband. He also gave her a gift and asked for a hug. Such conduct was unwelcome as Thompson stated to plaintiff that she was married and "no thank you" and that her husband would be upset if he knew she were given gifts. Plaintiff's comments to Thompson could easily be unwelcome and

unlawful as Thompson could have at some point contended that she felt coerced in the whole situation as a subordinate. Lisa Meyer also at some point viewed plaintiff's advances as unwelcome and thus filed a complaint with defendant.[1] Based on the above, the reason given for plaintiff's termination was not false - defendant's termination letter correctly informed plaintiff that he was terminated for violation of the company's sexual harassment policy.[2]

In addition, defendant could also have terminated plaintiff for other reasons, including poor judgment and performance as a manager, or in the alternative could have terminated him for no stated reason at all.

Oregon courts recognize that an employer may terminate an at-will employee for any reason, even, generally speaking, for a bad reason. In Sheets v. Knight, 308 Or 220, 779 P.2d 1000 (Or. 1999), abrogated on other grounds, McGanty v. Staudenrous, 321 Or. 532, 901 P.2d 841 (Or. 1995), the Oregon Supreme Court stated:

---

[1] It can also be said that plaintiff's allegedly consensual affairs with the first two women violated defendant's sexual harassment policy as consensual relationships with subordinates can be unwelcome and, although not directly on point, Miller v. Department of Corrections, Ca Sup. Ct. Case No. S114097, Ct. App. No. 3C040262, Sacramento Co. Super. Ct. No. 99AS03354 (July 2005) indicates that some courts will find that consensual sexual affairs with subordinates could constitute an actionable hostile work environment claim for uninvolved subordinates if the activity is sufficiently widespread.

[2] In addition, it should be noted that an employer's interpretation and application of facts to its own policy is often given deference. See Simpson v. Western Graphics Corporation, 293 Or. 96, 643 P.2d 1276 (1982).

> This Court has never held that the duty of good faith and fair dealing applies to at-will employment contracts, insofar as the right to discharge at will is concerned. For a number of reasons, we decline to do so now. The law imposes a duty of good faith and fair dealing to facilitate performance and enforcement of a contract where it is consistent with and in furtherance of the agreed-upon terms of the contract or where it effectuates the reasonable contractual expectations of the parties.
>
> The foundation of the at-will employment agreement is the express or implied understanding that either party may terminate the contract for any reason, <u>even for a bad cause</u>. A duty of good faith and fair dealing is appropriate in matters pertaining to ongoing performance of at-will employment agreements. It is not appropriate to imply the duty if it is inconsistent with a provision of the contract. <u>Thompson v. St. Regis Paper Co.</u>, 102 Wash.2d 219, 685 P.2d 1081 (1984).

308 Or. at 233(citations and quotation marks omitted, emphasis added). <u>See also</u>, <u>Mobly v. Manheim Services Corporation</u>, 133 Or. App. 89, 889 P.2d 1342 (Or. 1995).

Numerous courts have held that the reasons stated in a termination letter need not be complete, reasonable, or even truthful. For example, in <u>Clark v. Acco Systems</u>, 899 So.2d 783 (La. App. 2 Cir. 2005), the Court of Appeals held that an at-will employee who allegedly was terminated for deficiency in his work performance did not establish a claim for intentional infliction of emotional distress. The court stated:

> Absent a specific contract or agreement establishing a fixed term of employment, an at-will employee is free to quit at any time without liability to his or her

> employer and, likewise, may be terminated
> by the employer at any time, provided the
> termination does not violate any
> statutory or constitutional provision....
> Beyond that, the reasons for termination
> need not be accurate, fair or
> reasonable.... In fact, there need be no
> reason at all for the termination.
> Here, all Clark could provide were his
> claims and accusations that Acco gave an
> erroneous reason for his termination.
> Even if Clark were correct and Acco gave
> a false reason for his termination, it is
> immaterial (as long as Acco's 'false'
> reason was not a pretext for a
> termination that would otherwise be
> illegal under federal or state law). The
> jurisprudence clearly states that an
> employers's reason for termination need
> not be accurate.

899 So.2d at 786-787 (citations omitted).

Many other courts have reached the same result. See, for example, White v. Blue Cross, 442 Mass 64, 809 N.E. 2d 1034 (Mass. 2004) (employer was within its rights to give an at-will employee any reason, a false reason, or no reason at all for his termination); Barry v. Chase Precast Corp., 2004 WL 233323 (Mass Super. Ct. 2004) (an employer does not violate public policy justifying damages solely by giving a false reason for the discharge of and at-will employee); Carnemolla v. Walsh, 75 Conn. App. 319, 815 A.2d 1251 (Conn. App. 2003)(even a false but negligently made accusation of criminal conduct as a basis for dismissal is not a demonstrably improper reason for dismissal); Rahtore v. Kelly, 2002 WL 31082045(Mass. Super Ct. 2002) (public policy considerations do not justify the imposition of liability on a employer for

9 - ORDER

discharge of an at-will employee merely because it gave a false reason or pretext for the discharge.)

In *Jenkins v. Boise Cascade Corporation*, 108 P.3d 380 (Idaho 2005), the court rejected plaintiff's claim for breach of implied covenant of good faith and fair dealing based upon an assertion that the employer invented a false reason to terminate plaintiff and held that an employer has the right to terminate an at-will employee. *See also*, *Williams v. Caruso*, 966 F. Supp. 287 (D. Del. 1997)(covenant of good faith and fair dealing does not extend to an employer's alleged misstatement of the reason for termination, the harm to the employee is the termination, not the reason assigned to that termination; there is no requirement for an employer to give an at-will employee any reason for a termination).

Plaintiff's negligent investigation claim is also without merit. Plaintiff cites a Montana decision, *Prout v. Sears Roebuck and Co.*, 236 Mont 152, 772 P.2d 288 (Mont. 1989). There, the Montana Supreme Court states that Montana courts have recognized four exceptions to the right of an employer to discharge an at-will employee: 1)when the discharge violates public policy; 2)when the discharge breaches an express or implied promise of job security; 3) where the discharge breaches and implied covenant of good faith and fair dealing; and 4) negligent discharge.

In contrast to Montana law, Oregon law permits only three exceptions to the at-will doctrine: 1) violation of statute; 2)violation of contract; 3)violation of public policy. Delaney v. Taco Time Intern., Inc., 297 Or. 10, 14-16, 681 P.2d 114, 114-116(Or. 1984).

The vast majority of the courts that have considered the issue have refused to accept a claim for negligent investigation. See, e.g., Lambert v. Morehouse, 843 P.2d 1116, 1119( Wash App. 1993); Hass v. Montgomery Ward & Co., 812 F.2d 1015, 1016 (6th Cir. 1987); Treadwell v. John Hancock Mutual Life Ins. Co., 666 F. Supp. 278, 289-290 (D. Mass 1987); Gossage v. Little Caesar Enterprises , Inc. , 698 F. Supp. 160, 161-163 (S.D. Ind. 1988); Dorner v. Polsinelli, 856 F. Supp. 1483, 1489-1491 (D. Kan. 1994); Olive v. City of Scottsdale, 1995 WL 599186 (D. Ariz. 1995).

Plaintiff's employment relationship with defendant is not a basis for a duty to investigate, Conway v. Pacific University, 324 Or. 231, 924 P.2d 818 (Or. 1996) , and I find nothing else in their relationship or history that would entitle plaintiff to anything different or more than he received.[3]

---

[3]In relationship to the negligent investigation claim and others, plaintiff has alleged that "[t]hroughout plaintiff's employment [defendant] intended that plaintiff would remain employed with defendant and would not be terminated provided his employment was satisfactory and provided he complied with the [defendant's] employment policies." Exh. B attached to Notice of Removal (#1). However, plaintiff did not comply with defendant's sexual harassment policy as discussed previously in this opinion which causes the allegation itself to fail. And as and at-will employee, plaintiff had no reasonable expectation of continued
(continued...)

Even if Oregon permitted a claim for negligent investigation, the admitted facts and the case law establish that defendant was not negligent in its investigation of plaintiff. Plaintiff contends, among other things, that the investigation was not thorough and did not uncover bias and was result oriented. However, defendant's investigators interviewed ten employees, obtained four written statements, and interviewed plaintiff on three occasions. Plaintiff admits to having had two affairs with subordinates he ultimately supervised. Plaintiff also admits to approaching a third subordinate he ultimately supervised saying she was attractive, he had feelings for her and that they should get together if she left her husband. He also gave her a gift and asked for a hug.

The manner in which an employer conducts an investigation and even the conclusion reached by the employer does not give rise to a claim. <u>Waters v. Churchill</u>, 511 U.S. 661, 678 114 S.Ct. 1878, 1889 (1994)(reasonable employers would disagree about how much

---

³(...continued)
employment and had not developed a reasonable expectation of employment - plaintiff's at-will status had not been supplanted by some other contractual relationship like an implied-in-fact contract and there is insufficient evidence for a jury to find otherwise. Plaintiff's personal belief that his tenure and prior work performance insulated him in this case is a subjective personal belief and is not from communications and overt acts of his employer and is insufficient as a matter of law to provide him with more than he received. <u>See</u> <u>Bland v. Blount, Inc.</u>, 2001 WL 814954(D. Or. 2001). Plaintiff may also be arguing that he was owed a duty of good faith and fair dealing as far as an investigation was concerned and that he had a reasonable contractual expectation of a thorough investigation arising from employee materials. Such is not the case, but even if it were, the subsequent discussion above applies.

12 - ORDER

investigation needs to be done); Holly D. v. California Institute of Technology, 339 F. 3d 1158, 1177-1178(9th Cir. 2003)(failure to pursue all possible leads does not undermine a showing that the investigation was reasonable); Swenson v. Potter 271 F.3d 1184, 1196 (9th Cir. 2001)(employer can act reasonably even if it reaches a mistaken conclusion as to whether an accused employee actually committed harassment).[4]

In summary, Oregon does not recognize a claim for negligent investigation in the circumstances of this case and, and even if it did, it is clear from the admitted facts and case law that defendant's investigation was reasonable and appropriate.

All of plaintiff's other arguments have been considered and rejected.

For the reasons stated above, plaintiff's asserted claims simply aren't actionable in the circumstances of this case. Moreover, a recent 5th Circuit case and Texas Supreme Court case with some similarities to the present case are worthy of mention. In Pineda v. United Parcel Service, 360 F.3d 483 (5th Cir. 2004), the Fifth Circuit held that the evidence was insufficient to support

---

[4]Plaintiff relies on Fuller v. City of Oakland, 47 F.3d 1522 (9th Cir. 1995). There, the problem was the employer did not protect the plaintiff from sexual harassment. The employer provided the harasser advanced warning so he could defend himself and did not seek information that could have resolved factual disputes, and then exonerated the male employee. In doing so, the employer violated its legal obligations to the woman who complained. In contrast, in the instant case plaintiff Koanui is not suing for sexual harassment and was provided an opportunity on three separate occasions to state his position.

13 - ORDER

a jury's finding that the employer terminated an employee in retaliation for the employee's filing a charge of disability discrimination against the employer. The Fifth Circuit discussed the facts of its case as well as the Texas Supreme Court decision in Wal-Mart Stores v. Canchola, 121 S.W.3d 735 (Texas 2003):

> To establish retaliation, Pineda relies solely on evidence suggesting that UPS's investigation came to an incorrect conclusion and was potentially motivated by concerns other than the prevention of workplace violence. The Texas Supreme Court, however, while considering a factually similar case, recently held that to establish that an investigation into an alleged violation of a workplace policy was a pretext for discrimination <u>it is not sufficient to present evidence that the ... investigation was imperfect, incomplete, or arrived at a possibly incorrect conclusion</u>....
> In Wal-Mart v. Canchola, The Texas Supreme court overturned a jury verdict in a disability discrimination case brought under the TCHRA. Canchala claimed that he was fired because of his heart condition. Wal-Mart claimed that it fired Canchala after an investigation determined that he had sexually harassed a coworker. Canchala countered that Wal-Mart's investigation into the charges against him was inadequate and one-sided, thus constituting some evidence that Wal-Mart was motivated by disability. He pointed to evidence [suggesting] that if Wal-Mart had conducted a more thorough and balanced investigation, it could have uncovered exculpatory evidence. Canchola presented additional evidence questioning the credibility of his accuser and testimony from his coworkers suggesting that he had not engaged in the alleged harassment. Finally, Canchola argue[d] that Wal-Mart did not apply its harassment policy uniformly citing evidence that a non-salaried employee at a different location was demoted rather than terminated after being accused of

harassment.

> The Texas Supreme Court found that the evidence that Canchola cites ... assails the quality of Wal-Mart's investigation and does not, by itself, prove that Canchala's heart condition was a motivating factor in his termination. <u>An at-will employer does not incur liability for carelessly forming its reasons for termination.</u> <u>The court emphasized that because Canchala was an at-will employee he could be fired for poor performance, for the sexual harassment charges made against him, or for no reason at all. Noting that even if the reasons cited for terminating Canchala were false, he still bore the ultimate burden to prove that Wal-Mart discriminated against him because of his disability</u>, the court counseled that the relevant inquiry is not whether the complaints made against Canchola were a pretext, but whether they were a pretext for prohibited discrimination... It is Pineda's burden to present evidence demonstrating that he was fired for a prohibited reason. Pineda presented no such independent evidence to the jury. Thus, as a matter of Texas law, he cannot establish a claim under TCHRA and, consequently, there is insufficient evidence to support the jury's verdict in his favor.

360 F.3d at 489-491(citations, footnotes and quotations marks omitted, emphasis added).

## CONCLUSION

Defendant's motion (#31) for summary judgment is allowed, plaintiff's motion (#45) for summary judgment is denied, plaintiff's motion (#52) to amend for punitive damages is denied and defendant's motion to strike affidavits is denied. This action is dimissed.

DATED this 5t day of October, 2005.

_____
THOMAS M. COFFIN
United States Magistrate Judge